An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLENE KERR, INDIVIDUALLY,
Appellant,
vs.
OPBIZ, LLC D/B/A PLANET
HOLLYWOOD RESORT & CASINO;
M.J. DEAN CONSTRUCTION, INC.;
AND CLARK COUNTY, NEVADA,
Respondents.

No. 62477

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant filed an action against respondents, alleging that she sustained damages when she tripped and fell over boards placed over a sidewalk by respondent M.J. Dean Construction, Inc., in a construction area for work being performed on behalf of respondent Planet Hollywood Resort & Casino. Appellant also sued respondent Clark County as the owner of the sidewalk, alleging that Clark County had notice of the dangerous condition of the sidewalk. Respondents filed a motion for summary judgment, arguing that the area where appellant fell was never part of Planet Hollywood's construction project and that the Planet Hollywood construction had already been completed before appellant's fall.

The district court found that appellant failed to set forth evidence that at the time of her fall respondents were engaged in construction activities in the area where she fell, that any of the respondents were responsible for maintaining the area where appellant alleged she fell, or that any of the respondents were responsible for creating the allegedly hazardous condition that caused appellant to trip

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30669

and fall. Appellant further failed to show that Clark County had express knowledge of the alleged condition, the district court found, and thus, the district court granted summary judgment in favor of respondents. This appeal followed.

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings, but must instead present specific facts demonstrating the existence of a genuine factual issue supporting her claims. NRCP 56(e); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31.

Appellant argues on appeal that the factual dispute regarding who had control of the area where appellant fell should be resolved by a jury, and that the facts, among others, that the area was near the front of Planet Hollywood, that Planet Hollywood's construction had been going on shortly before appellant's fall, and that there was no way to walk to Planet Hollywood from the direction appellant approached without walking on the boards create genuine issues of material fact precluding summary judgment. Appellant also argues that NRS 41.033 does not shield Clark County from liability when Clark County was aware of the hazardous condition.

Having considered the parties' briefs and appendices, we conclude that the district court did not err in granting summary judgment in favor of respondents. Respondents submitted evidence in support of

their summary judgment motion showing that the Planet Hollywood construction project was completed before the date that appellant alleges she fell and that they were not engaged in construction in the area where appellant alleges she fell. In response, appellant failed to produce any evidence that created a genuine issue of material fact for trial as to whether respondents were responsible for the condition of the sidewalk in the area where appellant alleges she fell, despite that she was allowed additional time to conduct discovery to determine who was in control of the area. NRCP 56(e); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31 (concluding that while pleadings and other proof must be construed in a light most favorable to the nonmoving party, that party must set forth specific facts demonstrating the existence of a genuine issue for trial). Additionally, appellant failed to provide any evidence that creates a genuine issue of material fact for trial as whether Clark County had express knowledge of any hazardous condition of the sidewalk. *See* NRS 41.033 (prohibiting actions against political subdivisions of the state based on failure to discover a hazard). We therefore conclude that the district court did not err in granting summary judgment in favor of respondents, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas Smith, District Judge
Kathleen J. England, Settlement Judge
Stovall & Associates
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Hall Jaffe & Clayton, LLP
Eighth District Court Clerk